# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: SYLVESTER TRAYLOR, *Debtor* | BANKR. NO. 19-21995 (JJT) *Chapter 13* |
| SYLVESTER TRAYLOR *Debtor-Appellant*, v. TOWN OF WATERFORD *Appellee*. | CIVIL NO. 3:20-CV-00431 (KAD) June 26, 2020 |

## ORDER GRANTING IN PART AND DENYING IN PART APPELLANT'S MOTION TO AMEND APPELLANT'S BRIEF (ECF NO. 21)

Kari A. Dooley, United States District Judge

The Court first observes that "'[t]he scope of the notice of appeal determines the subject matter jurisdiction of this Court[.]'" *In re SageCrest II LLC*, No. 3:16-CV-00021 (VAB), 2018 WL 1557249, at *7–8 (D. Conn. Mar. 30, 2018) (quoting *In re Emanuel*, 450 B.R. 1, 6 (S.D.N.Y. 2011)) (finding that bankruptcy court's decision regarding abstention was not before the district court because the decision identified in the notice of appeal did not address abstention). Accordingly, only those Bankruptcy Court orders identified in the Notice of Appeal (ECF No. 1) are before this Court. Those Orders are: (1) the March 12, 2020 Order Granting Motion for Relief From Stay filed by Town of Waterford; (2) the March 20, 2020 Order Denying Motion to Vacate Order on Motion for Relief from Automatic Stay; and (3) the March 24, 2020 Order Denying Motion to Reconsider. (*See Id*. at 1).

Fed. R. Bankr. P. 8018 provides default requirements for the filing and serving the appellant's brief. However, the district court has discretion to amend or alter the briefing schedule. *See* Fed. R. Bankr. P. 8018(a); *Veeraswamy v. Jones as Tr. of Estate of Veeraswamy*, No. 19-CV-

2129 (MKB), 2019 WL 6716714, at *1 (E.D.N.Y. Dec. 10, 2019) ("A district court is not required to dismiss an appeal for failure to file a timely brief, but 'should exercise discretion to determine whether dismissal is appropriate in the circumstances.'" (quoting *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987))). It is also within this Court's discretion to allow a later filed amended brief as the Appellant requests. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (noting district courts' "inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases"); *U.S. Sec. & Exch. Comm'n v. Aronson*, 665 F. App'x 78, 80 (2d Cir. 2016) (summary order) (recognizing a district court's inherent power to manage its docket in the context of ordering a briefing schedule). In view of the foregoing, the Court GRANTS in part and DENIES in part Appellant's Motion to Amend as set forth below.

In his Motion to Amend, the Appellant seeks to expand the Statement of Issues, and thereby expand the arguments he advances on appeal. (*See* ECF No. 21-1 at 3). The Court considers each proposed amendment contained in the proposed amended Statement of Issues.

> A. "Did the Bankruptcy Order dated March 12, 2020, deprive the Appellant of his equal protection, due process rights and privileges under 11 U.S. Code § 1112(b) by stating: 'after notice and a hearing,' which never took place?" (ECF No. 21-1 at 3). The Court considers this to be a clarifying amendment limiting Appellant's constitutional and procedural challenge to the March 12, 2020 Order. Accordingly, this amendment is GRANTED.

> B. "Did the Bankruptcy Order dated March 12, 2020, deprive the Appellant of access to the court by not allowing him to be heard after filing a timely objection requesting to be

heard?" (ECF No. 21-1 at 3). The Court considers this to be a clarifying amendment limiting Appellant's constitutional and procedural challenge to the March 12, 2020 Order. Accordingly, this amendment is GRANTED.

C. "Did the Appellant preserve his right to an Appellate review from the Bankruptcy's Trial Judge's ruling on his Motion to Vacate and Motion for Reconsideration? If so, then why is Trial judge continuing to prejudice the Appellant with orders after the appeal date of March 27, 2020?" (ECF No. 21-1 at 3). The Court construes this amendment as an effort to stay the underlying bankruptcy proceedings, which may not be accomplished through an amendment to the statement of issues on appeal, or by amendment to the Appellant's brief. *See* Fed. R. Bankr. P. 8007(a)(1)(D) ("Ordinarily, a party must move first in the bankruptcy court for . . . the suspension or continuation of proceedings in a case . . . ."); Fed. R. Bankr. P. 8007(b)(1) (A motion for such relief "may be made in the court where the appeal is pending," only under specific circumstances detailed therein.). Accordingly, the motion is DENIED as to this amendment. This issue shall not be considered by the Court and the Appellee need not respond.

D. "Did the Bankruptcy Judge properly adjudicate and deny the Appellant's Motion to Vacate and Motion for Reconsideration?" (ECF No. 21-1 at 3). The Court construes this amendment as Appellant's attempt to add a new substantive challenge to the Bankruptcy Court's March 20, 2020 and March 24, 2020 Orders. Because these Orders have been appealed to this Court, *see* Notice of Appeal (ECF No. 1 at 1), this amendment is GRANTED.

E. "Did the Bankruptcy Judge properly grant the Defendant, Town of Waterford's Motion for Relief from Stay in respect to their bad faith, super aggressiveness and antagonizing tactics of fraud upon the court and negligent misrepresentation presented within this brief?" (ECF No. 21-1 at 3). The Court construes this amendment as Appellant's attempt to add a new substantive challenge to the Bankruptcy Court's March 12, 2020 Order. Because this Order has been appealed to this Court, *see* Notice of Appeal (ECF No. 1 at 1), this amendment is GRANTED.

Although the Appellant's motion is GRANTED in part, as set forth above, it appears to the Court that the Appellant may be advancing arguments not made to the Bankruptcy Court or relying upon evidence that is outside the record on appeal. The Appellant is cautioned that this Court's jurisdiction is limited to reviewing the issues decided by the Bankruptcy Court based upon the record on appeal. *See O'Hara v. Napolitano*, No. 3:18-CV-01899 (JAM), 2019 WL 2066962, at *4 (D. Conn. May 10, 2019) (The district court's review "is limited to the record before the Bankruptcy Court."). No further amendments to the Appellant's Brief shall be permitted.

Finally, in order to mitigate any prejudice occasioned by this ruling, the Court extends the time within which the Appellee Town of Waterford must file its brief to **August 22, 2020**.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of June 2020.

                           */s/ Kari A. Dooley*
                           KARI A. DOOLEY
                           UNITED STATES DISTRICT JUDGE